**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1597-16T3

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

N.J.,

    Defendant-Appellant,

and

D.T.,

    Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF D.U.O., a minor.

_____

        Submitted September 20, 2017 — Decided  October 10, 2017

        Before Judges Haas and Rothstadt.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Camden County,
        Docket No. FG-04-0168-16.

Joseph E. Krakora, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Joshua Bohn, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian for minor (Karen Ann Lodeserto, Designated Counsel, on the brief).

PER CURIAM

Defendant, N.J. appeals from the Family Part's November 30, 2016 judgment of guardianship and order terminating her parental rights to her daughter, D.U.O.[1] The Division of Child Protection and Permanency (Division) and the Law Guardian contend that the order should be affirmed. After reviewing the record in light of the applicable legal standards, we affirm substantially for the reasons stated by Judge Francine I. Axelrad in her thorough oral decision placed on the record on November 30, 2016.

The pertinent evidence was set forth in Judge Axelrad's decision and need not be repeated at length here in detail. Suffice it to say, defendant and her six children have been the

---

[1] The child's putative father, D.T. was never involved in D.U.O.'s life and did not appear in this matter. He also has not appealed from the guardianship judgment and order terminating his parental rights.

subject of numerous referrals dating back to 2005 that were based upon serious allegations of child abuse and neglect.

D.U.O. was born on October 30, 2008, while defendant was incarcerated. In 2014, the Division removed D.U.O. from defendant's custody based on its determination that defendant failed to supervise and neglected D.U.O. The child has been in placement since then, where she is being well cared for by resource parents who are willing to adopt her and with whom D.U.O. wishes to remain.

At the conclusion of the guardianship trial, Judge Axelrad found that the Division had satisfied all four prongs of the best interests test as set forth in N.J.S.A. 30:4C-15.1(a). This appeal followed.

On appeal, defendant only challenges Judge Axelrad's findings as to the third prong of the best interest test. Specifically, she argues:

> THE COURT ERRED IN CONCLUDING THAT IT HAD CONSIDERED ALTERNATIVES TO TERMINATION OF PARENTAL RIGHTS WHEN IT ADOPTED THE DCPP'S SPECULATIVE AND UNSUPPORTED ARGUMENTS CONCERNING N.J.'S COUSIN, J.P., WITHOUT A RULE-OUT LETTER, RELEVANT EXPERT TESTIMONY OR CASEWORKER TESTIMONY THAT COULD BE RECONCILED WITH THE TRIAL RECORD.

Based on our review of the record, we find that Judge Axelrod's decision as to the third prong is supported by substantial credible evidence. See N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448-49 (2012). We also conclude that defendant's appellate argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Judge Axlerad made specific findings about the Division's efforts to place the child with N.J.'s cousin, including the fact that N.J.'s cousin was not willing to have D.U.O permanently placed with her and that D.U.O preferred to remain with her resource family. Moreover, the child could not safely live in the cousin's home because defendant and her other children resided with the cousin, and D.U.O. being in the same house with her mother and certain siblings jeopardized her safety.

Also, the Division's admitted failure to issue a "rule out letter," see N.J.S.A. 30:4C-12.1(b), does not warrant jeopardizing the safety of the child or her entitlement to permanency without further delay. See N.J. Div. of Youth & Family Servs. v. K.L.W., 419 N.J. Super. 568, 581 (App. Div. 2011) ("Delay of permanency or reversal of termination based on the Division's noncompliance with its statutory obligations is warranted only when it is in the best interests of the child").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-1597-16T3